**E-Filed 3/5/2009**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISMAEL OSCAR RODRIGUEZ-BANDA,,<br><br>Defendant. | Case Number CR 05-00113 JF<br>C 05-03113 JF<br><br>ORDER[1] DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>[Re: Docket No. 16] |

Defendant Ismael Oscar Rodriguez-Banda ("Defendant") moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The Court has read the moving and responding papers and has considered the applicable law. For the reasons discussed below, the motion will be denied.

## I. BACKGROUND

On August 8, 1988, Defendant was convicted of possession of more than ten pounds of methamphetamine for sale and possession of marijuana for sale. Defendant received a seven-year sentence. On July 11, 1997, he was deported to Mexico.

---

[1] This disposition is not designated for publication in the official reports.

On October 1, 2004, Defendant was found in the Northern District of California. He accepted a fast-track offer from the Government under which he would plead guilty to two counts[2] of violating 8 U.S.C. § 1325(a) and receive thirty months in prison. On March 3, 2005, Defendant was arraigned on the two counts of violating 8 U.S.C. § 1325(a). On March 16, 2005, he signed the plea agreement in open court and was sentenced to six months for the first count and twenty-four months for the second count, to be served consecutively to each other and to any other sentence. Defendant subsequently filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[3]

## II. INEFFECTIVE COUNSEL

A prisoner in federal custody may move the sentencing court to vacate, set aside or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1456 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).

To succeed on a claim for ineffective assistance of counsel, Defendant must show that (1) his attorney's performance was unreasonable under prevailing professional standards, and (2) there is a "reasonable probability that but for counsel's unprofessional errors, the result would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 687-91 (1984). Under controlling case law, "[t]actical decisions that are not objectively unreasonable do not

---

[2] The records of the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") show that Defendant was arrested and deported on January 6, 1998 at Calexico, California.

[3] It is possible that Defendant already has been released from incarceration; thus this Order may be moot.

constitute ineffective assistance of counsel." *Henley v. Crist*, 67 F.3d 181, 185 (9th Cir. 1995) (internal citation omitted).

Defendant claims that his counsel's performance was deficient because counsel: 1) did not investigate Defendant's criminal record and did not object to inaccuracies in the plea agreement, such as the dates of Defendant's illegal entries into the United States; 2) did not challenge the use of prior convictions to determine Defendant's sentence; 3) did not challenge or withdraw the plea agreement; 4) instructed Defendant to sign the plea agreement; and 5) did not inform Defendant that he was giving up his right to appeal.

**A. Failure to Investigate and Challenge Prior Illegal Entries**

Defendant's counsel received a copy of Defendant's criminal history and other criminal documents in his alien file. There is no indication that counsel failed to examine the information. Defendant alleges that there is no proof of his prior illegal entries into the United States, but he has not alleged facts demonstrating that counsel had, at the time of the plea, a sufficient basis to challenge the prior illegal entries. In addition, Defendant stated under oath that he had read and understood the plea agreement and that the factual basis of the plea agreement, including the dates of the illegal entries, was true and correct. Plea Agreement Tr. at 15:3-9.

**B. Use of Prior Convictions**

Incorrectly relying on Rule 609 of Federal Rules of Evidence, Defendant argues that his prior convictions should not have been used to calculate his sentence because the convictions are "too old". *See* Petr.'s Reply Mot. at 3. Rule 609 prohibits the use of a prior conviction to *impeach* a witness if that prior conviction is more than ten years old. Fed. R. Evid. 609. The rule does *not* preclude the use of prior convictions for sentence enhancement purposes under the Sentencing Guidelines. *See U.S. v. Olmos-Esparaz*, 484 F.3d 1111 (9th Cir. 2007) (convictions more than ten years old can be used). The use of prior convictions was proper.

**C. Failure to Challenge or Withdraw the Plea Agreement**

Defendant claims that he repeatedly asked counsel to investigate the charges and their validity, and that counsel should have challenged or withdrawn the plea agreement. However, Defendant alleges no facts indicating that counsel failed to investigate the charges and their

3

1  validity, nor does he provide any facts indicating that counsel had any basis to challenge or
2  withdraw the plea.  Moreover, the transcript of the plea and sentencing hearing ("Transcript")
3  demonstrates that Defendant, with his counsel, clearly accepted the plea agreement.

**F. Instructed Defendant to Sign the Plea Agreement**

The Transcript indicates that Defendant's plea was free and voluntary, and that his counsel did not "instruct" him to sign the plea agreement. Plea Agreement Tr. at 7:9-17.

**E. Right to Appeal**

The Transcript demonstrates that Defendant understood that under the plea agreement he specifically gave up his right to appeal under the plea agreement.  Plea Agreement Tr. at 13:1-10.

### III. INAPPROPRIATE PRISON TERM

Defendant argues that the thirty-month prison term and the one-year period of supervised release exceeded the maximum punishment for the offenses because the Court failed to consider the factors set forth in 18 U.S.C. § 3553(a) when imposing consecutive instead of concurrent terms.  See Petr.'s Reply Mot. at 4-5. Defendant's argument is barred by the appeal waiver in his plea agreement.

### IV. ORDER

For reasons discussed above, Defendant's motion to vacate, set aside or correct sentence is DENIED.

**IT IS SO ORDERED.**

DATED: 3/5/2009

_____
JEREMY FOGEL
United States District Judge

4

Case No. CR 05-00113 JF, C 05-03113 JF
ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
(JFEX1)

This Order has been served upon the following persons:

Matthew A. Lamberti   Matt.Lamberti@usdoj.gov

Lara Suzanne Vinnard   lara_vinnard@fd.org, christina_smith@fd.org